954 F.2d 720
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeffrey Kevin MULLINS, Defendant-Appellant.
 No. 90-5688.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 29, 1991.
Decided Feb. 12, 1992.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Asheville. Richard L. Voorhees, Chief District Judge. (CR-90-82-A).
 T. Bentley Leonard, Sr., Leonard & Biggers, P.A., Asheville, N.C., for appellant.
 Thomas J. Ashcraft, United States Attorney, Max O. Cogburn, Jr., Assistant United States Attorney, Asheville, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jeffrey Kevin Mullins appeals his convictions for possession of cocaine with the intent to distribute and distribution of cocaine. 18 U.S.C.A. § 841 (West 1981). Mullins contends that the district court erred in admitting evidence of an uncharged September 27, 1989 drug transaction and evidence that Mullins was convicted of other drug offenses in 1986 and 1987 in violation of Federal Rule of Evidence 404(b). We affirm.
 
 
 2
 The government introduced evidence that on September 27, 1989 Mullins participated in a drug transaction that was virtually identical to the transactions for which he was convicted that occurred on October 12 and 13, 1989. The district court also allowed the introduction of evidence that Mullins had previously been convicted of drug offenses in Florida in 1986 and 1987. The government argued that this evidence should be admitted because it was probative on two of the contested issues at trial--intent and identity. Mullins, who did not take the stand, relied on an alibi defense at trial. He did not, however, file a notice of alibi with the prosecution, nor did he offer to stipulate that he would not contest the element of intent at trial.
 
 
 3
 Prior bad act evidence is admissible if: (1) it is relevant to an issue other than the defendant's character; (2) it is necessary to show an essential part of the crimes charged or furnish part of the context of the crime; and (3) it is reliable. United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir.1988). The evidence of the September 27, 1989 transaction satisfied the Rawle test because it was reliable and was offered to prove necessary elements of charged offenses--identity and intent. The evidence of Mullins' 1986 and 1987 Florida convictions was not probative of identity but was properly admitted because it was probative of Mullins' intent. When the defense has not affirmatively removed the issue of intent, evidence of prior bad acts may be admitted even if the defense elects not to actively contest the issue when presenting its defense. United States v. Hadaway, 681 F.2d 214, 218 (4th Cir.1982). The district court ruled that the probative value of this evidence outweighed any prejudicial effect to the defendant, and this court will reverse the decision of the district court in this regard only for an abuse of discretion. Id. at 217. We cannot say the district court abused its discretion in this instance.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 5
 AFFIRMED.